Case 27—PETITION—April 23.

# Burke on Petition.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. Peace Officers—Salary—Fees—Statutory Construction.—The provision of section 3064, of the Kentucky Statutes, which is a part of the charter of cities of the second class, that "all officers, deputies, and employes of the city * * * shall be paid a fixed salary and not otherwise, and all fees and commissions authorized by law shall revert to and be for the use and benefit of the city" has reference alone to fees, costs, and commissions arising out of their performance of duties to the city, and does not authorize the city to convert to its use the fees allowed by the State to such officers for the arrest of felons under the provisions of section 354, of the Kentucky Statutes.

2. Same.—Such construction would result in a discrimination against peace officers of cities of the second class, and would be special and partial legislation.

W. S. PRYOR for APPELLANT.

1. The object of the provision in section 3064 was to prevent policemen and other city officials from charging the city for extra services rendered the city; and not to authorize the payment into the city treasury of fees earned by them in the service of the State.

2. The rule of construction is "to resolve any ambiguity of the statute so as to make it comport with natural justice without doing violence to fixed legal rules," and it would be repugnant to common reason and justice, and lead to the absurdity of making the State government maintain by a direct tax upon its citizens the existence of a municipal government, to follow the construction of the lower court.

WEBB & FARRELL on SAME SIDE.

1. The fees and commissions referred to by sections 3064-5, of the Kentucky Statutes, were not intended to include the fees or commissions earned by police officers as officers of the State of Kentucky, but referred solely to such fees and commissions

as might become due to such police officers from the city it-
self.

2. Such a construction of this section of the statute and the
   ordinance would render them unequal and partial legislation,
   and to that extent they are invalid and void. Sec. 59, Ky.
   Con.; Cooley's Constitutional Limitations, pp. 483 and 485; State
   v. Herman, 75 Mo., 340; Wallies' heirs v. Kennedy, 2 Yerg,
   554, (24 Amer. Dec., 511); Windman v. Wilkesburg Ry. Co.,
   118 Pa. State, 201; State v. Ellet, 21 Amer. State Rept., 787;
   State v. Windsor, 48 N. J. Law, 95; Desmond v. Dund, 5 Cal.,
   252; Darling v. Rogers, 7 Kansas, 592; Magill v. State, 35
   Ohio State, 228.

3. These sections of the statute being susceptible of two con-
   structions, the court should adopt that one which is in accordance
   with the letter of the Constitution, as well as with the general
   policy of the law.  Marone v. Atlanta B. & L. Association, 47
   Amer. State Rept., 872; Ex parte Cohen, 43 Amer. State Rept.,
   132.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The provisions of section 354 of the Kentucky Statutes
authorize the payment of $2 out of the State treasury to
sheriffs, constables, coroners, marshals and policemen for
apprehending a person charged with a felony, or a fugitive
from justice so charged, and further authorize certain fees in
a few other instances where service is rendered the State
in the execution of its criminal laws.   Appellant Burke was
a policeman of the city of Lexington, on a salary of $75 per
month, and from March, 1894, to February, 1895, had ren-
dered services to the State, under the provisions of this
statute, to the value of $374, and had collected that amount
as provided by law.   Thereupon the general council of the
city stopped the further payment of his salary, on the con-
tention that section 3064, Ky. Statutes, providing that "all
officers, deputies and employes of the city, except as herein-
after provided, shall be paid a fixed salary, and not other-

wise, and all fees and commissions authorized by law shall revert to and be for the use and benefit of the city," entitled the city to these fees earned by the officer for services rendered the State. Burke then brought this suit to test the validity of the ordinance passed in pursuance of the council's construction of this law. The trial court upheld the ordinance, and Burke has appealed. The statute in question (section 3064, Kentucky Statutes) is found in the law (or charter) governing cities of the second class, and provides that "the general council, unless otherwise provided by law, shall fix the salary and compensation, and prescribe the duties of all officers, deputies and employes of the city." Subsequently, in the same section, we find the language already quoted, providing that all officers, deputies and employes of the city shall be paid a fixed salary. We think it manifest that this fixed salary is for performing the duties which the section requires the council to prescribe for such officers. The statute simply says to the council: "Prescribe the duties of your officers, and for performing those duties let their compensation be by fixed salary, and not otherwise;" and, moreover, "all fees and commissions growing out of the performance of the duties thus laid on such officers shall revert to and be for the use of the city." The succeeding section has reference likewise to fees, costs and commissions arising out of the performance of the duties indicated, and provides that the salary so fixed shall not be paid to the officer until he shall have paid over such fees, costs and commissions collected by him, or given satisfactory reason for his failure to collect and pay over same. In our opinion the law, so far as it may be applicable to policemen, has reference

alone to the relation between the city and these officers, and was intended to silence conclusively any claim such officers might assert against the city for services rendered in its behalf, of whatever nature. We do not believe it to have been the intention of the legislature to authorize the cities to convert to their use the fees allowed by the State to these peace officers for the arrest of felons. This would conduce to take away the incentive for the execution of the criminal laws of the commonwealth—a matter in which the State, rather than the city, as such, has a special interest. Moreover, such a construction would result in a discrimination against the peace officers of cities of the second class. It would be special and partial legislation. In cities of the first and third classes, and we believe in the others, the fees of these officers are fixed by municipal authority; but there is no deduction from the salary paid by cities of the fees allowed by the State, or conversion thereof to the use of the cities.

The judgment is reversed for proceedings consistent with this opinion.